UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 16, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Stacy A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-0089-BAH

Dear Counsel:

On January 12, 2023, Plaintiff Stacy A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' dispositive filings[1] (ECFs 9 and 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 17, 2019, alleging a disability onset of January 1, 2017. Tr. 88–121. Plaintiff's claim(s) were denied initially and on reconsideration. Tr. 122–25, 178–181. On January 19, 2022, an Administrative Law Judge ("ALJ") held a hearing.[2] Tr. 38–74. Following the hearing, on March 31, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 15–29. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*,

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, Plaintiff filed a motion for summary judgment and Defendant filed a brief.

[2] This case was initially heard before a different ALJ on October 18, 2021, but the original ALJ recused herself due to a conflict of interest. Tr. 75–87.

[3] 42 U.S.C. §§ 301 et seq.

530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2017, the alleged onset date." Tr. 17. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral hands, osteoarthritis of the right knee and status-post meniscus tear, and status-post right elbow surgery." Tr. 18. The ALJ also determined that Plaintiff suffered from the non-severe impairments of osteoarthritis of the left knee, elbow pain, hypothyroidism, and urinary incontinence. Tr. 18–19. The ALJ further determined that Plaintiff had mild limitations in the broad mental functioning areas of interacting with others and concentrating, persisting, or maintaining pace. Tr. 19–20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing, except she can never require the use of ladders, ropes, or scaffolds. She can perform jobs that require frequent exposure to vibrations or hazards. She can perform jobs requiring frequent handling and fingering bilaterally.

Tr. 22. The ALJ determined that Plaintiff was able to perform past relevant work as a claims clerk (DOT[4] #241.363-010). The ALJ also determined that there were "other jobs that exist in

---

[4] The "DOT" is the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S.

significant numbers in the national economy that [Plaintiff] also can perform," beyond her past relevant work. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

### III. LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) failed to adequately consider the medical opinion of state agency examiner Dr. Amber Penuel; and (2) improperly evaluated Plaintiff's subjective complaints. ECF 9-1, at 4. Defendant counters that the ALJ properly evaluated both the medical opinion of Dr. Penuel and Plaintiff's subjective complaints, and that the ALJ's decision is supported by substantial evidence. ECF 11 at 1–2.

I begin with Plaintiff's argument that the ALJ erred because "[t]he ALJ's RFC assessment conflicts with the opinion of State agency consultant, Dr. Penuel[,] and the ALJ failed to resolve this conflict, despite finding this opinion partially persuasive." ECF 9-1, at 4. "For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). The ALJ must consider the persuasiveness of each medical opinion according to a prescribed set of factors, the most important of which are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability generally refers to 'the objective medical evidence and supporting explanations presented by a medical source.'" *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). Regarding consistency, the ALJ looks to the degree of consistency between the medical opinion and "the evidence from other

---

Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2). The ALJ need only articulate a "source-level evaluation" for each medical expert, rather than assessing each individual opinion offered by a single source. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Similarly, the ALJ must address the persuasiveness of the source's opinion as a whole, but they need not address each individual finding in the opinion. *Angela D. v. Kijakazi,* No. 3:20CV566 (DJN), 2021 WL 4269361, at *7 (E.D. Va. Sept. 20, 2021) (finding that an ALJ's failure to discuss their evaluation of a medical source's particular finding "but addressing the overall persuasiveness of the authority complies with 20 C.F.R. § 404.1520c").

Here, the ALJ appropriately evaluated the persuasiveness of Dr. Penuel's opinion. The ALJ assessed the supportability of Dr. Penuel's opinion by analyzing the ways in which the doctor's ultimate findings were supported by the doctor's underlying examination of Plaintiff, Tr. 21, and assessed the consistency of the opinion with the rest of the record, including medical opinions from other sources and Plaintiff's daily activities, Tr. 20–21. The ALJ ultimately found that Dr. Penuel's opinion was "partially persuasive to the extent that these limitations are consistent with a mild limitation in the claimant's ability to understand and remember detailed instructions and adapt, no limitation in her ability to interact with others, and a [mild[5]] limitation in her ability to sustain concentration, persistence, and pace for detailed tasks." Tr. 20. This constituted a thorough and appropriate explanation of how the ALJ considered this opinion and how it factored into their analysis as required under 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).

Plaintiff takes issue with the ALJ's failure to address a single sentence observation made by Dr. Penuel that Plaintiff "can be expected to have occasional periods of decompensation." ECF 9-1, at 6 (citing Tr. 1424). Yet, despite Plaintiff's contentions, the ALJ was not required to explain their evaluation of each sentence of every medical opinion. *See Angela D.*, 2021 WL 4269361, at *7. Here, the ALJ adequately explained how they analyzed the persuasiveness of Dr. Penuel's opinion and made clear which parts of the opinion they found to be persuasive. Tr. 20–21. The ALJ was not required to address this sentence of Dr. Penuel's opinion specifically, and I can readily infer that the ALJ evaluated and incorporated this finding into their analysis. As a result, the ALJ did not err, and remand is not warranted on this point.

I next consider Plaintiff's argument that the ALJ "improperly focused on the need for objective evidence in evaluating the claimant's subjective complaints" in violation of Social Security Ruling (SSR) 16-3p, 20 C.F.R. § 404.1529(c)(2), *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), and *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020). ECF 9-1, at 7–

---

[5] Though the ALJ refers to a "moderate" limitation in concentrating, persisting, or maintaining pace in this sentence, I interpret this as a mere "scrivener's error," given the ALJ's earlier determination that Plaintiff had a mild limitation in this area as well as the ALJ's explanation later in the paragraph that a finding of a moderate limitation in this area would be "internally inconsistent" with Dr. Penuel's own examinations. Tr. 20–21; *see also Hudon v. Astrue*, No. 10-CV-405-JL, 2011 WL 4382145, at *4 (D.N.H. Sept. 20, 2011) ("In the context of social security cases, errors in ALJ decisions have been excused as mere scrivener's errors when the ALJ's intent was apparent.").

11. "In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test." *Larry W. v. Kijikazi*, TJS-21-693, 2022 WL 986107, at * 3 (D. Md. Apr. 1, 2022) (citing *Lewis*, 858 F.3d at 866; 20 C.F.R. § 404.1529(a)). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* (citing 20 C.F.R. §§ 404.1529(b)). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* (citing 20 C.F.R. § 404.1529(c)). "At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant." *Id.* To evaluate a claimant's statements, an ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* (quoting Social SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016)).

"Since the 1980s," the Court of Appeals for the Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). "Rather, a claimant is 'entitled to rely exclusively on subjective evidence to prove the second part of the test.'" *Id.* (quoting *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)). In *Arakas*, the Fourth Circuit found that the ALJ "improperly discredited [a claimant's] statements about the severity, persistence, and limited effects of her symptoms because he did not find them to be 'completely consistent with the objective evidence.'" *Arakas*, 983 F.3d at 96 (internal citations omitted). "Because [the claimant] was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (internal citations omitted). The Fourth Circuit thus concluded that the ALJ "'improperly increased her burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.* (quoting *Lewis*, 858 F.3d at 866). At the same time, however, "a claimant's allegations about her pain" "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595.

Here, the ALJ's discussion makes clear that they formulated Plaintiff's RFC based upon both Plaintiff's subjective complaints *and* the objective medical evidence. *See* Tr. 22–27. Contrary to Plaintiff's assertions, this was not error. *See Mahot v. Kijakazi*, No. 3:21-CV-114-MOC, 2022 WL 893111, at *4 (W.D.N.C. Mar. 25, 2022) (distinguishing *Arakas* and affirming an ALJ's decision where the ALJ considered the claimant's own prior statements, treatment records, statements from medical sources, and objective evidence and incorporated some corresponding limitations into the RFC but ultimately concluded that the claimant was not disabled); *Heather R. v. Saul*, No. 4:20-CV-04082-VLD, 2021 WL 3080331, at *20 (D.S.D. July 21, 2021) (affirming an ALJ's decision where the ALJ "consider[ed] all the longitudinal evidence,

which includes objective medical evidence as well as [the claimant's] daily activities," and "incorporated significant limitations into her RFC on account of those symptoms"); SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) ("A report of . . . inconsistencies in the objective medical evidence is one of the many factors [that the SSA] must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms."). As this Court has recognized, "where objective medical evidence exists, the ALJ may consider it so long as objective evidence is not 'effectively required.'" *John O. v. Kijakazi*, Civ. No. AAQ-21-01378, 2022 WL 2305255, at *5 (D. Md. June 27, 2022) (quoting *Arakas*, 983 F.3d at 95). As a result, "while a claimant cannot be required to prove the extent and severity of their subjective complaints with objective evidence, such evidence—if it exists—may still be considered by the ALJ to evaluate those complaints." *William J. v. Kijakazi*, Civ. No. 22-2962-BAH, 2023 WL 6518118, at *5 (D. Md. Oct. 5, 2023).

The ALJ here considered Plaintiff's subjective complaints of pain, resulting in a limitation to sedentary work and postural and movement-based limitations in the RFC. *See* Tr. 27. The ALJ explained that "[Plaintiff's] knee and back pain would limit her to sedentary work," Tr. 26, and the ALJ "[took] hand pain into consideration in limiting the [Plaintiff's] ability to handle and finger more than frequently," Tr. 25. Thus, contrary to Plaintiff's assertions, the ALJ did not "discount[] [Plaintiff's] subjective evidence of pain based on a lack of objective evidence." ECF 9-1, at 9. After taking the Plaintiff's pain into account in these limitations, though, the ALJ found that "the nature of the claimant's treatment and the findings made during the course of treatment do not support a more restrictive finding" in terms of the RFC, pointing to the lack of physical therapy treatment in the Plaintiff's medial history as well as the resolution of specific ailments through surgery. Tr. 27. That the ALJ considered objective evidence *in addition to* Plaintiff's subjective complaints does not amount to legal error; in fact, considering the entire record—including both the objective medical record and Plaintiff's subjective complaints—is exactly what the ALJ was required to do. *See Crystal Louise H. v. Comm'r, Soc. Sec. Admin.*, Civ. No. ADC-18-3922, 2019 WL 5309997, at *7 (D. Md. Oct. 21, 2019) (citing 20 C.F.R. §§ 404.1545(a), 416.945(a); SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996)) ("In determining RFC, an ALJ must take into account the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds."). As such, the ALJ did not err in this analysis.

Because the ALJ applied the correct legal standards and because their conclusions were supported by substantial evidence, the decision must be affirmed.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 9, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge